**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **JOSE SANTOYO QUINTINO** | § | |
| **AS REPRESENTATIVE OF THE** | § | |
| **ESTATES OF ELVIRA SANTOYO** | § | |
| **QUINTINO, PXXXXXXX GXXXXX** | § | |
| **SXXXXXX, AXXXX GXXXXX** | § | |
| **SXXXXXX, VXXXXXXX GXXXXX** | § | |
| **SXXXXXX, DECEASED, MA SOLEDAD** | § | |
| **SANTOYO QUINTINO AND EUGENIO** | § | |
| **ZAVALA GARCIA AS NEXT FRIENDS** | § | |
| **OF SXXXXXXXX GXXXXX SXXXXXX,** | § | |
| **A MINOR, UBERTINO SANTOYO** | § | |
| **GUZMAN, INDIVIDUALLY, MARIA** | § | |
| **DOLORES QUINTINO LOPEZ,** | § | |
| **INDIVIDUALLY, CONSUELO GARCIA** | § | |
| **AND DARIO MARTINEZ,** | § | **CIVIL ACTION NO._____** |
| **INDIVIDUALLY AND AS** | § | |
| **REPRESENTATIVES OF THE ESTATE** | § | |
| **OF VALENTIN GUZMAN, DECEASED,** | § | |
| **AND ALEJANDRO GUZMAN,** | § | |
| **INDIVIDUALLY,** | § | |
| | § | |
|     **Plaintiffs** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **ACME TRUCK LINE, INC.** | § | |
| | § | |
|     **Defendant** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW Jose Santoyo Quintino as Representative of the Estates of Elvira Santoyo

Quintino, Pxxxxxxx Gxxxxx Sxxxxxx, Axxxx Gxxxxx Sxxxxxx, Vxxxxxxx Gxxxxx Sxxxxxx,

Deceased; Ma Soledad Santoyo Quintino and Eugenio Zavala Garcia, as Next Friends of

Sxxxxxxxx Gxxxxx Sxxxxxx, a Minor; Ubertino Santoyo Guzman, Individually; Maria Dolores

Quintino Lopez, Individually; Consuelo Garcia and Dario Martinez, Individually and as

Representatives of the Estate of Valentine Guzman, Deceased; and Alejandro Guzman, Individually (hereinafter, "Plaintiffs"), by and through their undersigned counsel, and file this civil action against Acme Truck Line, Inc. (hereinafter, "Defendant"), and allege as follows:

## A. INTRODUCTION

1.      Defendant allowed a severely intoxicated employee to operate a motor vehicle leased and under the exclusive possession, control and use by Defendant, causing a violent head-on collision resulting in the tragic deaths of a mother, father, and three children, and catastrophically injuring a child that survived the crash.  Defendant is vicariously liable for its employee's acts as a matter of federal law pursuant to 49 C.F.R. § 376.11 - 376.12.  Defendant denies that it is vicariously liable for its employee's acts and omissions under federal law.  This is a dispositive legal issue for this case.

## B. PARTIES

2.      Plaintiff JOSE SANTOYO QUINTINO as Representative of the Estates of Elvira Santoyo Quintino, Pxxxxxxx Gxxxxx Sxxxxxx (*minor child of Valentin Guzman and Elvira Santoyo Quintino*), Axxxx Gxxxxx Sxxxxxx (*minor child of Valentin Guzman and Elvira Santoyo Quintino*), and Vxxxxxxx Gxxxxx Sxxxxxx (*minor child of Valentin Guzman and Elvira Santoyo Quintino*), Deceased, is an individual who resides in Houston, Harris County, Texas.

3.      Plaintiffs MA SOLEDAD SANTOYO QUINTINO and EUGENIO ZAVALA GARCIA, as Next Friends of Sxxxxxxxx Gxxxxx Sxxxxxx, a Minor (*minor child of Valentin Guzman and Elvira Santoyo Quintino*), are individuals who reside in Houston, Harris County, Texas.  The Texas Department of Family and Protective Services (hereinafter "TDFPS") currently has sole managing conservatorship over Sxxxxxxxx Gxxxxx Sxxxxxx, a Minor.  Ma

Soledad Santoyo Quintino and Eugenio Zavala Garcia are the designated family relatives approved by TDFPS to become the adoptive parents of Sxxxxxxxx Gxxxxx Sxxxxxx and are working with TDFPS, who is facilitating the adoption process. This Complaint is being filed with the advice, consent and approval of TDFPS (as well as the court-appointed *guardian ad litem* for the Minor, responsible for the best interests of the Minor in all TDFPS-related legal proceedings and The Honorable Scott Link, the court-appointed *guardian ad litem* in the Texas state court action) for Ma Soledad Santoyo Quintino and Eugenio Zavala Garcia serving as Next Friends of the Minor.

4. Plaintiffs UBERTINO SANTOYO GUZMAN, and MARIA DOLORES QUINTINO LOPEZ, who are the biological parents of Elvira Santoyo Quintino, Deceased, are individuals who are citizens and residents of the state of Yuriria Gto., in the country of Mexico.

5. Plaintiffs CONSUELO GARCIA and DARIO MARTINEZ, individually and as Representatives of the Estate of Valentin Guzman, Deceased, who are the biological parents of Valentin Guzman, Deceased, are individuals who reside in Tulsa, Oklahoma.

6. Plaintiff, ALEJANDRO GUZMAN, who is the biological son of Valentin Guzman and Elvira Santoyo Quintino, Deceased, is an individual who is currently residing in Alabama.

7. Defendant ACME TRUCK LINE, INC. is a foreign corporation with a principal place of business located at 200 Westbank Expressway, Gretna, Louisiana 70053 and may be served through its registered agent, The Prentice Hall Corp., 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### C. JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1331 since there is a federal question.   The federal question at issue is the application of 49
C.F.R. § 376.11 - 376.12.   At the time of the collision made the basis of this case, Defendant's
employee was driving a commercial truck leased by Defendant pursuant to 49 C.F.R. § 376.11 -
376.12.   Pursuant to 49 C.F.R. § 376.12 (c), the truck lease made the subject of this case states
that Defendant "*shall have exclusive possession, control, and use of the equipment for the
duration of this Lease Agreement.  Acme assumes complete responsibility for the operation of the
Leased Equipment for the duration of the Lease Agreement.*"  *See* **Exhibit 1**, Lease Agreement,
attached hereto (emphasis added).   Plaintiffs' right to relief depends, in part, on Defendant's
vicarious liability pursuant to 49 C.F.R. § 376.11 - 376.12 for the acts of its employee in causing
the subject incident, such liability being denied by Defendant. The application and resolution of
this substantial question of federal law provides this Court with subject matter jurisdiction.

9.      This Court also has subject matter jurisdiction over this action pursuant to 28
U.S.C. § 1332(a) in that it is an action between citizens of different states and the amount in
controversy exceeds the sum of $75,000.00, excluding interest and costs.

10.      This Court has personal jurisdiction over Defendant because Plaintiffs' claims
arise from Defendant:

a.      Transacting business in the State of Texas;

b.      Maintaining business offices and dispatch terminals throughout the State
of Texas. Defendant has at least 58 terminals in Texas according to its
website www.acmetruck.com;

c.      Contracting to supply services or things in the State of Texas;

     d.       Causing tortious injury by an act or omission in the State of Texas; and/or

     e.       Regularly doing and soliciting business and engaging in other persistent courses of business conduct, and deriving substantial revenue from transporting goods and/or rendering services in the State of Texas.

11.    Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Alvin, Brazoria County, Texas, which is in the Southern District, Galveston Division.  Defendant maintains a place of business and dispatch terminal in Alvin, Brazoria County, Texas, at 1605 N. Gordon Street, Alvin, Texas 77511.  Defendant's employee who was driving Defendant's leased equipment made the basis of this cause of action was hired, trained, supervised and dispatched to drive Defendant's truck on assigned missions out of the Alvin, Texas terminal maintained and operated by Defendant.

## D. FACTS

12.    This is an action to recover money damages for survival claims, wrongful death claims, bodily injury claims and damages suffered by Plaintiffs arising from a fatal and catastrophic motor vehicle collision occurring on or about June 29, 2014, at approximately 11:00 p.m. on the North Sam Houston Parkway toll road in Houston, Harris County, Texas.

13.    On June 29, 2014, Defendant's employee, Efraim Carmona (hereinafter "Mr. Carmona") was allowed by Defendant to operate a motor vehicle leased and under the exclusive possession, control and use by Defendant after consuming large quantities of alcoholic beverages that caused him to lose his physical and mental faculties due to his severe intoxication.  At approximately 11:00 p.m. that evening, Mr. Carmona was operating a 2009 white Dodge Ram 5500 flatbed truck, that was under the exclusive possession, control, and use of, and that was the

complete responsibility of Defendant, pursuant to a lease agreement in compliance with 49 C.F.R. § 376.11 – 376.12, traveling eastbound in the westbound lanes of North Sam Houston Parkway in Houston, Harris County, Texas.  At the same time, members of the Guzman family, specifically, Valentin Guzman, Elvira Santoyo Quintino, and their children Pxxxxxxx Gxxxxx Sxxxxxx, Axxxx Gxxxxx Sxxxxxx, Vxxxxxxx Gxxxxx Sxxxxxx, and Sxxxxxxxx Gxxxxx Sxxxxxx, were traveling in a 2000 white Ford F-150 pickup westbound on North Sam Houston Parkway.  Sam Houston Parkway is a toll road.  Mr. Carmona's physical and mental faculties were so impaired that he entered an exit of the toll way and began driving in the opposite direction of traffic down North Sam Houston Parkway.  As he approached the Guzman family's vehicle, he violently collided head-on with that vehicle at a high rate of speed causing a violent crash.

14.     Valentin Guzman, Elvira Santoyo Quintino, Pxxxxxxx Gxxxxx Sxxxxxx, Axxxx Gxxxxx Sxxxxxx, and Vxxxxxxx Gxxxxx Sxxxxxx were all killed in the collision and Sxxxxxxxx Gxxxxx Sxxxxxx was seriously injured.

15.     Members of the Harris County Sheriff's Office and Harris County EMS arrived on the scene after the collision.  EMS provided medical assistance to the Guzman family members.  Meanwhile, Harris County Sheriff's Office personnel attempted to question Mr. Carmona, who refused to cooperate with the investigation.

16.     Sgt. Susan Cotter with the Harris County Sheriff's Office reported that there were many empty beer cans found in Mr. Carmona's vehicle at the scene of the collision.

17.     On March 24, 2015, Mr. Carmona pleaded guilty to five counts of intoxication manslaughter and one count of intoxication assault and was sentenced to 50 years in prison.

18.    Mr. Carmona's actions while driving Defendant's vehicle constituted negligence, negligence *per se*, and gross negligence.

19.    Defendant's negligence, negligence *per se*, and gross negligence proximately caused the collision with the Guzman family vehicle as well as Plaintiffs' deaths, personal injuries and damages.

## E. THE EMPLOYMENT RELATIONSHIP BETWEEN DEFENDANT AND MR. CARMONA

20.    At the time of the collision which is the subject of this cause of action, Mr. Carmona was an employee and/or statutory employee of Defendant.  Mr. Carmona was hired by Defendant's terminal manager in Alvin, Texas.  Defendant required Mr. Carmona to be available for dispatch 24 hours a day, 7 days a week, in the commercial motor vehicle equipment Defendant had leased. Mr. Carmona made intrastate and interstate trips at Defendant's direction. Defendant's U.S. Department of Transportation Number is 052767.  Mr. Carmona had not taken himself off the 24 hours a day, 7 days a week dispatch list on June 29, 2014.

## F.  FEDERAL MOTOR CARRIER SAFETY REGULATIONS

21.    At the time of the collision, Mr. Carmona was driving a commercial truck leased by Defendant pursuant to 49 C.F.R. § 376.11 - 376.12.  Pursuant to 49 C.F.R. §376.12 (c), the truck lease made the subject of this case states that Defendant "*shall have exclusive possession, control, and use of the equipment for the duration of this Lease Agreement*."  The lease further provides that Defendant "*shall assume complete responsibility for the operation of the equipment for the duration of the Lease Agreement.*"  *See* **Exhibit 1**, Lease Agreement, attached hereto.

22.    Defendant is an interstate carrier and is vicariously liable as a matter of federal law for Mr. Carmona's negligence and gross negligence in driving the commercial motor vehicle equipment on June 29, 2014, that Defendant had leased.  See 49 C.F.R. § 376.11 - 376.12.  *See*

*also Jackson v. O'Shields*, 101 F.3d 1083, 1089 (5ᵗʰ Cir. 1996); *Price v. Westmoreland*, 727 F.2d 494 (5ᵗʰ Cir. 1984); and *Simmons v. King,* 478 F.2d 857 (5th Cir.1973).

23.     In this regard, Mr. Carmona was an employee and/or statutory employee of Defendant insofar as the master-servant relationship was concerned since he was on call for dispatch by Defendant 24 hours a day, 7 days per week, in order to drive Defendant's truck.  As a result, Defendant is vicariously liable pursuant to 49 C.F.R. § 376.11 - 376.12, including specifically § 376.12(c), in this cause of action, as a matter of federal law, for any and all negligence and gross negligence of Mr. Carmona, whether such vicarious liability is the result of the Federal Motor Carrier Safety Regulations and/or the result of the doctrine of *respondeat superior*.

24.     In addition to common law duties which Defendant owed to others who operated motor vehicles on the public roads and highways, Defendant owed duties under, and was governed by, the Federal Motor Carrier Safety Regulations ("FMCSR") at all times relevant to the hiring, qualification, training, entrustment of vehicles, and supervision of Mr. Carmona for the incident made the basis of this case.  According to the FMCSR, Defendant was considered a motor carrier and commercial motor vehicle operator with respect to the commercial motor vehicle that Mr. Carmona was driving at the time of this incident.  Defendant violated certain provisions of the FMCSR, and such violations constitute negligence and negligence *per se* and such violations were a proximate cause of the collision and Plaintiffs' deaths, injuries and damages.

### G.  APPLICABLE TRAFFIC LAWS

25.     In connection with the collision that is the subject of this cause, Defendant's employee violated certain provisions of the Texas Transportation Code ("TTC").  The conduct of

Mr. Carmona in this regard constituted negligence and negligence *per se* which was a proximate cause of the collision and Plaintiffs' deaths, injuries and damages for which Defendant is vicariously liable as a matter of federal law.

## H.  NEGLIGENCE OF DEFENDANT'S EMPLOYEE

26.     The conduct of Mr. Carmona, as more particularly described herein, constituted negligence, negligence *per se*, and gross negligence which was a proximate cause of the motor vehicle collision and the damages sustained by Plaintiffs.  Defendant is vicariously liable to Plaintiffs as a matter of federal law as a result of Mr. Carmona's following acts and omissions:

a)     Driving on the wrong side of the road;

b)     Driving while under the influence of alcohol, in violation of Texas Transportation Code § 545.351;

c)     Operating a motor vehicle in a public place while intoxicated, in violation of Texas Penal Code § 49.04;

d)     Intoxication assault in violation of Texas Penal Code § 49.07;

e)     Failing to travel with the flow of traffic;

f)     Failing to maintain a proper lookout;

g)     Failing to control his vehicle in an effort to avoid a collision;

h)     Failing to take reasonable evasive action;

i)     Operating a motor vehicle in a manner that an ordinary and prudent person would not have operated under the same or similar circumstances;

j)     Speeding in excess of the maximum posted speed limit; and

k)     Driving the large flatbed commercial truck at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances.

27.     Mr. Carmona's above-described conduct, by act or omission, and whether considered singularly or in some combination, constituted negligence, negligence *per se* and

gross negligence, which was a proximate cause of the incident and the damages sustained by Plaintiffs. Plaintiffs are entitled to an award of compensatory damages from Defendant because of Mr. Carmona's negligence which was a proximate cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs. Defendant is vicariously liable as a matter of federal law for all of Mr. Carmona's acts of negligence as set forth above and herein.

## I. NEGLIGENCE OF DEFENDANT

28. Furthermore, Defendant was negligent, negligent *per se* and grossly negligent and is therefore directly liable to Plaintiffs as a result of the following acts or omissions:

a) Negligently hiring Mr. Carmona;

b) Negligently failing to investigate Mr. Carmona's answers provided on his employment application that were in fact false;

c) Negligently failing to heed the information provided by Mr. Carmona's former employers who fired him and told Defendant that they would not rehire him;

d) Negligently failing to properly train Mr. Carmona;

e) Negligently entrusting Defendant's leased equipment to Mr. Carmona when he was incompetent to drive due to his making false representations on his employment application, including regarding prior felony convictions;

f) Negligently entrusting Defendant's leased equipment to Mr. Carmona when he was incompetent to drive due to his intoxication;

g) Negligently failing to monitor the use of the leased equipment;

h) Negligently failing to restrict Mr. Carmona's personal access and use of the leased equipment;

i) Negligently failing to supervise Mr. Carmona;

j) Negligently failing to discover that Mr. Carmona was an alcoholic; and

k) Negligently failing to ensure that Mr. Carmona followed Defendant's policies and procedures.

29.     The above-described conduct of Defendant, by act or omission, and whether considered singularly or in some combination, constituted negligence, negligence *per se* and gross negligence, which was a proximate cause of the incident and the damages sustained by Plaintiffs.  Plaintiffs are entitled to an award of compensatory and exemplary damages from Defendant as a result of its negligence and gross negligence that was a proximate cause of Plaintiffs' deaths, injuries and damages.

## J.  LIABILITY OF DEFENDANT AS A RESULT OF THE BRANDED VEHICLE DOCTRINE

30.     The commercial motor vehicle that Mr. Carmona was driving at the time of the collision which is the subject of this cause was operated under the name of Defendant, and the name "ACME Truck Line, Inc." was prominently displayed in various places on the exterior of the commercial motor vehicle.  Therefore, Defendant is vicariously liable to Plaintiffs for Mr. Carmona's negligence and gross negligence in this cause under the "branded vehicle" doctrine. In this regard, the evidence shows that Mr. Carmona was legally considered an employee of Defendant at the time of the collision who was using Defendant's commercial motor vehicle, which prominently displayed the name "ACME Truck Line, Inc.", for conducting the business of Defendant at the time of the incident which is the subject of this cause of action.  Therefore, Defendant is vicariously liable for any and all negligence and gross negligence of Mr. Carmona in connection with Mr. Carmona's operation of Defendant's truck.

## K.  GROSS NEGLIGENCE OF DEFENDANT

31.     The collision in question was also proximately caused by the gross negligence of Defendant and its employee.  This is further confirmed by Mr. Carmona's guilty plea to five counts of Intoxication Manslaughter and one count of Intoxication Assault with respect to the subject collision and the deaths of Valentin Guzman, Elvira Santoyo Quintino, Pxxxxxxx

Gxxxxx Sxxxxxx, Axxxx Gxxxxx Sxxxxxx, Vxxxxxxx Gxxxxx Sxxxxxx, and the injuries to Sxxxxxxxx Gxxxxx Sxxxxxx. Specifically, Defendant had a duty of ordinary care and additional duties owed to Plaintiffs, as set forth herein. Defendant breached each of these duties. The general public, including Plaintiffs, were knowingly and unnecessarily exposed to known harms and hazards of injury and death as a result of Defendant's grossly negligent actions. Defendant's wrongful acts and omissions caused the deaths to Valentin Guzman, Elvira Santoyo Quintino, Pxxxxxxx Gxxxxx Sxxxxxx, Axxxx Gxxxxx Sxxxxxx, Vxxxxxxx Gxxxxx Sxxxxxx, and injuries to Sxxxxxxxx Gxxxxx Sxxxxxx. Defendant was grossly negligent in at least the following:

a) Hiring Mr. Carmona;

b) Failing to investigate Mr. Carmona's answers provided on his employment application that were in fact false;

c) Failing to heed the information provided by Mr. Carmona's former employers who fired him;

d) Failing to properly train Mr. Carmona;

e) Negligently entrusting Defendant's leased equipment to Mr. Carmona when he was incompetent to drive due to his making false representations on his employment application, including regarding prior felony convictions;

f) Entrusting Defendant's leased equipment to Mr. Carmona when he was incompetent to drive due to his intoxication;

g) Failing to ensure that Mr. Carmona was competent to drive;

h) Failing to monitor the use of the leased equipment;

i) Failing to restrict Mr. Carmona's personal access and use of the leased equipment;

j) Failing to supervise Mr. Carmona;

k) Failing to discover that Mr. Carmona was an alcoholic; and

l) Failing to ensure that Mr. Carmona followed Defendant's policies and procedures.

32.     Defendant's grossly negligent conduct was more than a momentary thoughtlessness or inadvertence.  Rather, Defendant's knowledge of Mr. Carmona's history and conduct, when viewed objectively from the standpoint of Defendant at the time of these events, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.  Moreover, Defendant had actual, objective awareness of the risk involved but, nevertheless, preceded in conscious indifference to the rights, safety, or welfare of others, including Plaintiffs.  In all of these respects, Defendant was grossly negligent and such gross negligence was a proximate cause of the collision as well as the deaths of Valentin Guzman, Elvira Santoyo Quintino, Pxxxxxxx Gxxxxx Sxxxxxx, Axxxx Gxxxxx Sxxxxxx, Vxxxxxxx Gxxxxx Sxxxxxx, and injuries to Sxxxxxxxx Gxxxxx Sxxxxxx, as defined under Chapter 41 of the Texas Civil Practice and Remedies Code.

33.     The injuries and damages suffered by Plaintiffs were proximately caused by the gross negligence of Defendant.

### L. Plaintiffs' Damages

34.     In accordance with Texas Law, including but not limited to TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002 and 71.021, suit is brought against Defendant for fair, reasonable, and adequate compensation for all the damages sustained by all Plaintiffs, including but not limited to the following:

35.     JOSE SANTOYO QUINTINO on behalf of the Estate of ELVIRA SANTOYO QUINTINO, Deceased, seeks the following elements of damage:

    a)     Conscious physical pain and mental anguish suffered by ELVIRA SANTOYO QUINTINO prior to her death;

    b)     Funeral and burial expenses; and

    c)     Exemplary damages.

36.     JOSE SANTOYO QUINTINO on behalf of the Estate of PXXXXXXX GXXXXX SXXXXXX, Deceased, seeks the following elements of damage:

      a)     Conscious physical pain and mental anguish suffered by PXXXXXXX GXXXXX SXXXXXX prior to her death;

      b)     Funeral and burial expenses; and

      c)     Exemplary damages.

37.     JOSE SANTOYO QUINTINO on behalf of the Estate of AXXXX GXXXXX SXXXXXX, Deceased, seeks the following elements of damage:

      a)     Conscious physical pain and mental anguish suffered by AXXXX GXXXXX SXXXXXX prior to her death;

      b)     Funeral and burial expenses; and

      c)     Exemplary damages.

38.     JOSE SANTOYO QUINTINO on behalf of the Estate of VXXXXXXX GXXXXX SXXXXXX, Deceased, seeks the following elements of damage:

      a)     Conscious physical pain and mental anguish suffered by VALENTIN GUZMAN SANTOYO prior to his death;

      b)     Funeral and burial expenses; and

      c)     Exemplary damages.

39.     MA SOLEDAD SANTOYO QUINTINO and EUGENIO ZAVALA GARCIA on behalf of SXXXXXXXX GXXXXX SXXXXXX, a minor, seek the following elements of damages as a result of her personal injuries:

      a)     Medical expenses incurred in the past;

      b)     Medical expenses that, in reasonable probability, that she will incur in the future;

      c)     Loss of earning capacity that, in reasonable probability, she will suffer in the future;

      d)     Physical pain suffered in the past;

e)      Physical pain that, in reasonable probability, she will suffer in the future;

f)      Mental anguish suffered in the past;

g)      Mental anguish that, in reasonable probability, she will suffer in the future;

h)      Mental impairment suffered in the past;

i)      Mental impairment that, in reasonable probability, she will suffer in the future;

j)      Physical impairment suffered in the past;

k)      Physical impairment that, in reasonable probability, she will suffer in the future;

l)      Physical disfigurement suffered in the past;

m)      Physical disfigurement that, in reasonable probability, she will suffer in the future; and

n)      Exemplary Damages.

40.      MA SOLEDAD SANTOYO QUINTINO and EUGENIO ZAVALA GARCIA on behalf of SXXXXXXXX GXXXXX SXXXXXX, a minor, seek the following elements of damages as a result of the death of her mother and father:

a)      Pecuniary Loss, including:

(i)      Past and future loss of care;

(ii)      Past and future loss of maintenance;

(iii)      Past and future loss of support;

(iv)      Past and future loss of services;

(v)      Past and future loss of advice and counsel;

(vi)      Past and future loss of reasonable contributions of pecuniary value;

(vii)      Past and future treatment for psychological trauma;

b)   Companionship and Society including:

   (i)   Past and future loss of the positive benefits flowing from the love of her parents;

   (ii)   Past and future loss of the positive benefits flowing from the comfort from her parents;

   (iii)   Past and future loss of the positive benefits flowing from the companionship of her parents;

   (iv)   Past and future loss of the positive benefits flowing from the society of her parents;

c)   Past and future mental anguish;

d)   Loss of inheritance; and

e)   Exemplary damages.

41.   UBERTINO SANTOYO GUZMAN, Individually, seeks the following elements of damage:

a)   Pecuniary Loss, including:

   (i)   Past and future loss of care;

   (ii)   Past and future loss of maintenance;

   (iii)   Past and future loss of support;

   (iv)   Past and future loss of services;

   (v)   Past and future loss of advice and counsel;

   (vi)   Past and future loss of reasonable contributions of pecuniary value;

   (vii)   Past and future treatment for psychological trauma;

b)   Companionship and Society including:

(i)     Past and future loss of the positive benefits flowing from the love of his daughter;

(ii)    Past and future loss of the positive benefits flowing from the comfort from his daughter;

(iii)   Past and future loss of the positive benefits flowing from the companionship of his daughter;

(iv)   Past and future loss of the positive benefits flowing from the society of his daughter;

c)    Past and future mental anguish;

d)    Loss of inheritance; and

e)    Exemplary damages.

42.    MARIA DOLORES QUINTINO LOPEZ, Individually, seeks the following elements of damage:

a)    Pecuniary Loss, including:

(i)     Past and future loss of care;

(ii)    Past and future loss of maintenance;

(iii)   Past and future loss of support;

(iv)   Past and future loss of services;

(v)    Past and future loss of advice and counsel;

(vi)   Past and future loss of reasonable contributions of pecuniary value;

(vii)  Past and future treatment for psychological trauma;

b)    Companionship and Society including:

(i)     Past and future loss of the positive benefits flowing from the love of

her daughter;

(ii) Past and future loss of the positive benefits flowing from the comfort from her daughter;

(iii) Past and future loss of the positive benefits flowing from the companionship of her daughter;

(iv) Past and future loss of the positive benefits flowing from the society of her daughter;

c) Past and future mental anguish;

d) Loss of inheritance; and

e) Exemplary damages.

43.     CONSUELO GARCIA and DARIO MARTINEZ on behalf of the Estate of VANENTIN GUZMAN, Deceased, seek the following elements of damage:

a) Conscious physical pain and mental anguish suffered by VALENTIN GUZMAN prior to his death;

b) Funeral and burial expenses; and

c) Exemplary damages.

44.     CONSUELA GARCIA, Individually, seeks the following elements of damage:

a) Pecuniary Loss, including:

(i) Past and future loss of care;

(ii) Past and future loss of maintenance;

(iii)  Past and future loss of support;

(iv) Past and future loss of services;

(v) Past and future loss of advice and counsel;

(vi) Past and future loss of reasonable contributions of pecuniary value;

(vii)   Past and future treatment for psychological trauma;

b)   Companionship and Society including:

(i)   Past and future loss of the positive benefits flowing from the love of her son;

(ii)   Past and future loss of the positive benefits flowing from the comfort from her son;

(iii)   Past and future loss of the positive benefits flowing from the companionship of her son;

(iv)   Past and future loss of the positive benefits flowing from the society of her son;

c)   Past and future mental anguish;

d)   Loss of inheritance; and

e)   Exemplary damages.

45.   DARIO MARTINEZ, Individually, seeks the following elements of damage:

a)   Pecuniary Loss, including:

(i)   Past and future loss of care;

(ii)   Past and future loss of maintenance;

(iii)   Past and future loss of support;

(iv)   Past and future loss of services;

(v)   Past and future loss of advice and counsel;

(vi)   Past and future loss of reasonable contributions of pecuniary value;

(vii)   Past and future treatment for psychological trauma;

b)   Companionship and Society including:

      (i)     Past and future loss of the positive benefits flowing from the love of his son;

      (ii)    Past and future loss of the positive benefits flowing from the comfort from his son;

      (iii)   Past and future loss of the positive benefits flowing from the companionship of his son;

      (iv)   Past and future loss of the positive benefits flowing from the society of his son;

c)     Past and future mental anguish;

d)     Loss of inheritance; and

e)     Exemplary damages.

46.     ALEJANDRO GUZMAN, Individually, seeks the following elements of damage:

a)     Pecuniary Loss, including:

      (i)     Past and future loss of care;

      (ii)    Past and future loss of maintenance;

      (iii)   Past and future loss of support;

      (iv)   Past and future loss of services;

      (v)     Past and future loss of advice and counsel;

      (vi)    Past and future loss of reasonable contributions of pecuniary value;

      (vii)   Past and future treatment for psychological trauma;

b)     Companionship and Society including:

      (i)     Past and future loss of the positive benefits flowing from the love of his parents;

        (ii)      Past and future loss of the positive benefits flowing from the comfort from his parents;

        (iii)     Past and future loss of the positive benefits flowing from the companionship of his parents;

        (iv)     Past and future loss of the positive benefits flowing from the society of his parents;

    c)      Past and future mental anguish;

    d)      Loss of inheritance; and

    e)      Exemplary damages.

47.    The damages sought herein, exclusive of interest and costs, are within the jurisdictional limits of this court.

## M. JURY DEMAND

48.    Plaintiffs hereby request a jury on all issues so triable, pursuant to the United States Constitution, 7th Amendment.

## N. PRAYER

**WHEREFORE**, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment of and from Defendant for the actual, compensatory, special, and punitive damages in such a manner as the evidence may show and the jury may determine to be proper, together with the costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiffs may in law or equity show themselves justly entitled.

Respectfully submitted,

**ERSKINE & BLACKBURN, L.L.P.**

By:   _/s/ Blake C. Erskine, Jr._

Dated: August 24, 2015

Blake C. Erskine, Jr.
Attorney-in-Charge
State Bar of Texas No. 00786383
Southern District of Texas Bar No. 27042

Mark B. Blackburn
State Bar of Texas No. 02388990
Southern District of Texas Bar No. 14680

6618 Sitio del Rio Blvd., Building C-101
Austin, Texas  78730
Telephone (512) 684-8900
Facsimile (512) 684-8920
Email: berskine@erskine-blackburn.com
Email: mblackburn@erskine-blackburn.com

**AND**

**THE AMMONS LAW FIRM, L.L.P.**

Robert E. Ammons
State Bar No. 01159820
Email: rob@ammonslaw.com

Bennett A. Midlo
State Bar No. 14025450
Email: bennett@ammonslaw.com

3700 Montrose Boulevard
Houston, TX 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF COMPLIANCE WITH F.R.C.P. 5(a)</u>

I hereby certify compliance with F.R.C.P. 5(a) in that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, email transmission, or by facsimile transmission, on August 24, 2015, to the following attorney of record:

> David Frock, Esq.
> Frock & Broussard, P.C.
> 2015 Crocker Street
> Houston, TX 77006
> Phone: (713) 688-2300
> Fax: (713) 688-2377
> Email: mdfrock@fbtxlaw.com

> **ATTORNEY FOR DEFENDANT**
> **ACME TRUCK LINE, INC.**

> */s/ Blake C. Erskine, Jr.*
> Blake C. Erskine, Jr.